IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS, SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK NEWMAN and JENNIFER NEWMAN, § § | | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 5:20-cv-00022 |
| KERR COUNTY, TEXAS, | § § | |
| Defendant. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Come now Plaintiffs, Mark Newman and Jennifer Newman, and complain of Defendant Kerr County, Texas. In support of their complaint, Plaintiffs state the following:

## NATURE OF THE ACTION

1. This case arises out the constructive discharge of both Plaintiffs' employment with the Kerr County Sheriff's Office for reasons that were discriminatory and retaliatory. Plaintiffs bring causes of action under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and Chapter 21 of the Texas Labor Code. They seek back pay, compensatory damages, punitive damages, the prospective injunctive relief of reinstatement to their former positions or front pay, costs of court, pre- and post-judgment interest, and an award of attorney fees.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3. The events out of which this suit arises occurred in Kerr County, Texas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff Mark Newman is an individual Texas resident who was employed by Defendant Kerr County.

5. Plaintiff Jennifer Newman is an individual Texas resident who was employed by Defendant Kerr County.

6. Defendant Kerr County is a county located in the state of Texas.

## FACTS

*Discriminatory orders about use of sick leave*

7. Mark Newman began working for the Kerr County Sheriff's Office ("KCSO") in or around June 2011, and his wife Jennifer Newman began working for KCSO in or around October 2012.

8. KCSO allows employees to use sick leave to care for ill or injured family members. In or around March 2015, the Newmans' children were having issues with illnesses. One of their children has an illness that qualifies as a disability under the Americans with Disabilities Act (ADA) and Chapter 21 of the Texas Labor Code: Juvenile Rheumatoid Arthritis. Mark and Jennifer Newman were both taking sick leave to care for them. During that time period, Mark Newman was told that he was prohibited from using further sick leave to care for the couple's children when they were ill, and that Jennifer Newman would be the only one allowed to use sick leave for this purpose from that point forward.

9. When Jennifer Newman complained to the Sheriff about this order, the Sheriff said that it was the Sheriff's order, that it is Jennifer's responsibility to care for the couple's children when they are sick, that the order is not open for discussion, and that if Jennifer complained again, the Sheriff would fire her.

10. This discriminatory treatment continued even after Jennifer exhausted her paid sick leave, and KCSO forced Jennifer to use unpaid leave to care for the couple's children when they were ill instead of allowing Mark to use his accrued sick leave like any other employee could. When Jennifer complained to the human resources department about the Sheriff's order, the Sheriff took the written complaint, crumpled it up, and threw it at Jennifer. This discriminatory treatment cost Mark and Jennifer thousands of dollars.

*Mark's injury, the County's response, and the termination of his employment*

11. Mark Newman was injured outside of work on May 18, 2018, leaving him with a shoulder impairment that qualifies as a disability under the ADA and Chapter 21 of the Texas Labor Code. Mark requested, and was approved for, leave under the Family and Medical Leave Act (FMLA). While he was using FMLA leave, he was given the illegal directive that he was required to be 100% healed to return to work. Mark's repeated requests to transfer to a vacant dispatch position, whose duties he could have performed consistent with his medical restrictions, were rejected; Mark was not allowed to take additional unpaid leave beyond the FMLA period until he had sufficiently recuperated to perform his original job duties; and Defendant failed to engage in the interactive process required by the ADA and Chapter 21 to determine whether any other reasonable accommodation would allow him to return to work. Instead, Mark was told that he would be fired if he was not 100% healed at the end of the FMLA period. Mark's doctors had informed him that he would not be 100% healed by that time, and as a result, on July 5, 2018, Mark resigned in lieu of the termination that he was told was imminent. At least one other employee in a similar situation was accommodated with additional unpaid leave beyond the FMLA period.

*Harassment against Jennifer, the County's response, and the termination of her employment*

12. In or around March 2017, several of Jennifer's co-workers began harassing her, including sexually harassing her by continuing to make vulgar sexual remarks after she asked them to stop. Jennifer complained about this harassment to the Sheriff and through her chain of command, but Defendant did nothing to protect her from this harassment. Instead, she was specifically instructed to stop complaining about the harassment. With that continued treatment in the workplace, and with being forced to lose money every time the couple's kids got sick—even though Mark had available paid sick leave and wanted to use it to care for the couple's sick kids (and all other employees in his position were allowed to use their sick leave for such purposes)—Jennifer was forced to resign from the KCSO on April 13, 2018.

## FIRST CAUSE OF ACTION: TITLE VII

13. By forcing Jennifer Newman to take unpaid leave to care for the couple's ill children while Mark Newman was prohibited from using his paid sick leave for that purpose, even though every other employee in his position could use paid sick leave for that purpose, Defendant violated both Plaintiffs' rights under Title VII of the Civil Rights Act of 1964. By failing to take action to stop harassment on the basis of sex against Jennifer Newman, Defendant violated her rights under Title VII. And by constructively discharging Jennifer Newman because of the above violations and because of Jennifer's complaints about the above violations, Defendant violated her rights under Title VII.

## SECOND CAUSE OF ACTION: ADA

14. By requiring Mark Newman to be 100% healed to return to work, by failing to provide or even discuss a reasonable accommodation to allow Mark to work with his disability, and by constructively discharging Mark because of his disability and/or because he was regarded

as having a disability, Defendant violated Mark's rights under Title I of the ADA. By discriminating against both Plaintiffs by denying equal use of sick leave because of the known disability of their child, with whom they were known to have a relationship or association, Defendant violated both Plaintiffs' rights under Title I of the ADA.

### THIRD CAUSE OF ACTION: CHAPTER 21, TEXAS LABOR CODE

15. By forcing Jennifer Newman to take unpaid leave to care for the couple's ill children while Mark Newman was prohibited from using his paid sick leave for that purpose, even though every other employee in his position could use paid sick leave for that purpose, Defendant violated both Plaintiffs' rights under Chapter 21. By failing to take action to stop harassment on the basis of sex against Jennifer Newman, Defendant violated her rights under Chapter 21. And by constructively discharging Jennifer Newman because of the above violations and because of Jennifer's complaints about the above violations, Defendant violated her rights under Chapter 21.

16. By requiring Mark Newman to be 100% healed to return to work, by failing to provide or even discuss a reasonable accommodation to allow Mark to work with his disability, and by constructively discharging Mark because of his disability and/or because he was regarded as having a disability, Defendant violated Mark's rights under Chapter 21.

### JURY TRIAL

17. Plaintiffs request and demand a trial by jury.

### PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiffs respectfully request that Defendant be cited to appear and answer herein, and upon hearing, that the Court award Plaintiffs the following relief:

A. Enter a permanent injunction requiring Defendant to reinstate Plaintiffs to their

former positions, with all benefits and emoluments of their positions that they would have received if Defendant's discrimination and/or retaliation had not occurred, and prohibiting any future acts of retaliation, discrimination, or harassment, and also making Plaintiffs whole, as if Defendant's illegal acts of discrimination and/or retaliation had not occurred.  If the Court finds that reinstatement is not possible, the Plaintiffs seek an award of front pay.

        B.        Order Defendant to pay Plaintiffs back pay as a result of Defendant's discrimination and/or retaliation.

        C.        Order Defendant to pay Plaintiffs compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and/or other nonpecuniary losses as a result of Defendant's discrimination and/or retaliation.

        D.        Order Defendant to pay Plaintiffs punitive damages in an amount sufficient to punish the Defendant for its conduct and to deter others from similar actions.

        E.        Order Defendant to pay Plaintiffs' reasonable attorney fees and costs;

        F.        Order Defendant to pay pre-judgment interest on all amounts for which pre-judgment interest is legally allowable, at the highest lawful rate;

        G.        Order Defendant to pay post-judgment interest at the highest lawful rate for all amounts, including attorney fees, awarded against Defendant; and

        H.        Order such other relief, whether legal or equitable, to which Plaintiffs are entitled.

*Respectfully submitted,*

DEATS DURST & OWEN, PLLC

          /s/ Matt Bachop
Matt Bachop
TBN: 24055127

mbachop@ddollaw.com
707 W. 34th Street, Suite 3
Austin, Texas 78705
(512) 474-6200
FAX (512) 474-7896

Attorney for Plaintiffs